O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMONT WILSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FOULK, Warden,<br><br>　　　　Respondent. | Case No. LA CV 14-3253 PSG (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY AND EVIDENTIARY HEARING** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the R&R, and the remaining record, and has made a *de novo* determination.

　　Petitioner's Objections generally reiterate the arguments made in his Petition and Traverse, and lack merit for the reasons set forth in the R&R. There are two issues, however, that warrant brief amplification here.

　　First, Petitioner notes, correctly, that the R&R appears to overlook the affidavit that Petitioner attached to his Traverse. (*See* Objections at 2-3; Traverse at 30-33.) Therein, Petitioner's wife affirms that: (1) she was willing to testify at Petitioner's trial; (2) the prosecution prevented her from testifying; and (3) if allowed to testify, she would have told the jury that the victim – who testified for the prosecution – was "a

crook" who had engaged in "identity theft and credit card fraud" with Petitioner.[1] (Traverse at 32-33.)

As a rule, a prosecutorial misconduct claim may provide grounds for habeas relief only when deemed prejudicial under the harmless error test articulated in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). That is, relief is warranted only if the misconduct had a "substantial and injurious effect or influence in determining the jury's verdict." *Shaw v. Terhune*, 380 F.3d 473, 478 (9th Cir. 2004) (citing *Brecht*, 507 U.S. at 637).

Here, Petitioner argues that his wife's testimony was "vital to Petitioner[']s defense strategy of impeaching" the victim. (Objections at 2.) However, Petitioner's attorney raised the victim's alleged criminal activities during his cross-examination of both the victim and the investigating detective. (*See* Lodg. No. 4 at 82-83, 86, 196.)

Thus, on this record – and particularly in light of the ample evidence at trial of Petitioner's guilt – the Court does not find the requisite prejudice here. (*See* Lodg. No. 10 at 2-4); *see also* 28 U.S.C. § 2254(e)(1) (facts presumed correct).

Second, Petitioner argues that "there was no one present on [his] behalf" when the victim identified Petitioner in a photographic line-up. (*See* Objections at 4.)

However, this line-up took place before Petitioner's arrest, and thus before the attachment of his Sixth Amendment right to counsel. (*See* Lodg. No. 4 at 120, 177, 182, 224); *see also United States v. Ash*, 413 U.S. 300, 321 (1973); *Kirby v. Illinois*, 406 U.S. 682, 688 (1972).

Thus, Petitioner is not entitled to federal habeas relief.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action with

---

[1] Specifically, according to Petitioner, the "equipment and materials that [the victim] s[ells] can also be used in manufacturing fraudul[e]nt credit cards and false identification cards." (Pet. at 10.)

prejudice; and

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth above and in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

Nor is Petitioner entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (AEDPA "requires an examination of the state court-decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.").

DATED: __June 23, 2015_____

_____

HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE